IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONIO JACKSON, #175 493, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:19-CV-561-WKW |
| | ) [WO] |
| GOV. KAY IVEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Antonio Jackson, an inmate incarcerated at the Ventress Correctional Facility in Clayton, Alabama, files this *pro se* action under 42 U.S.C. § 1983. He challenges a denial of access to courts and a failure to protect him from dangerous conditions at the Institution. The case is pending on Jackson's amended complaint filed against Gwendolyn Givens, Gwendolyn Babers, Governor Kay Ivey, and Pamela Harris.[1] Jackson requests injunctive and declaratory relief and "any other relief sought and/or recommended." Doc. 7 at 2–4.

Upon review, the court concludes that dismissal of Jackson's amended complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] On August 7, 2019, the court notified Jackson his complaint contained several deficiencies and directed him to file an amended complaint as further set forth therein. *See* Doc. 5. Jackson filed his amended complaint on August 29, 2019. Doc. 7.

[2] The court granted Jackson's request for leave to proceed *in forma pauperis*. Doc. 3. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii).

## I.  DISCUSSION

**A.**     **Denial of Access to Courts**

Jackson complains he cannot complete research and study because the law library lacks typewriters and legal supplies with which to prepare legal work. The law library, Jackson claims, is also not opened "the 20 hours required." Doc. 7 at 3.

To state an access-to-courts claim, a prisoner must show that "an actionable claim . . . which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Lewis v. Casey*, 518 U.S. 343, 356 (1996) (*citing Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  The Supreme Court explained in *Bounds* that "[t]he fundamental right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate legal assistance from persons trained in the law." *Bounds*, 430 U.S. at 838.  However, the prisoner's contentions of deprivation of access to the courts must show actual prejudice or harm as a "constitutional prerequisite." *Lewis*, 518 U.S. at 351; *see also Chandler v. Baird*, 926 F.2d 1057, 1063 (11th Cir. 1991) (holding that "both policy and the prevailing state of the law require an inmate to articulate facts indicating some prejudice such as being unable to do timely research on a legal problem or being procedurally or substantively disadvantaged in the prosecution of a cause of action"). Without a showing that the lack of access frustrated efforts to pursue a non-frivolous legal claim, an inmate has no standing to challenge the policy or practice in question. *Lewis*, 518 U.S. at 352-54; *Bass v. Singletary*, 143 F.3d 1442, 1444 (11th Cir. 1998).  Further, the right of access to the courts does not extend to all legal claims, only to those in which an inmate can demonstrate actual injury from an inability to challenge specific non-frivolous legal claims relating

to the fact or condition of a prisoner's confinement. *Lewis*, 518 U.S. at 355; *see also Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998).

Jackson's contention he has been denied access to courts asserts no facts reflecting that he was so hindered in his efforts to pursue a non-frivolous legal claim to such a degree he experienced adverse consequences or an actual injury from the alleged deprivation. *Lewis*, 518 U.S. at 349. Because Jackson's allegation regarding a denial of access to the courts articulates no "actual injury" accruing to him, this claim is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Failure to Protect**

Jackson alleges he is always on guard from having to defend himself from inmates possessing knives and from almost getting into physical altercations because the dorms are overcrowded and contain insufficient room in which to move around. Doc. 7 at 3. The court considers Jackson's amended complaint to present a failure to protect claim based on alleged dangerous conditions at Ventress.

Although prison officials have a duty to protect inmates from violence by other prisoners, they are not the guarantors of a prisoner's safety. *Estate of Morgan v. Toombs Co., Ga.*, 400 F.3d 1313, 1321 (11th Cir. 2005). The Eighth Amendment is violated only when a prisoner is incarcerated under conditions which expose him to a "substantial risk of serious harm" and only when prison officials are "deliberately indifferent" to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[D]eliberate indifference describes a state of mind more blameworthy than negligence" and, therefore, ordinary lack of due care for a prisoner's interest or safety will not support an Eighth Amendment claim. *Id*. at 835. Prison officials cannot be liable under the Eighth Amendment unless they know of and disregard an excessive or substantial risk to inmate health or safety. *Id*. at 837.

The court is mindful that confrontations among inmates are common in the prison setting as prisoners engage in an unending struggle for position and power among the incarcerated. Because "a risk of harm to some degree always exists by the nature of it[ ] being a [prison]," not every condition rises to the level of an Eighth Amendment violation. *Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga.*, 400 F.3d 1313, 1323 (11th Cir. 2005); *Gullatte v. Potts*, 654 F.2d 1007, 1012 (5th Cir. 1981) (holding that "the constitutional rights of inmates are [not] violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials."); *see also Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984) (holding that "within [a prison's] volatile 'community,' prison administrators are . . . under an obligation to take reasonable measures to guarantee the safety of the inmates."). Here, Jackson presents only a conclusory allegation there is a general risk of harm present at Ventress but alleges no facts which indicate he has been exposed to or faced any serious risk of substantial harm because of the conduct about which he complains, that he has been involved in any altercations with other inmates, or that he has notified Defendants or any other prison official of a particular risk or fear of harm from another inmate or from the condition about which he complains. Rather, Jackson generally alleges Ventress as a whole is a dangerous environment which is insufficient to state a plausible claim that a risk of serious harm exists under the Eighth Amendment. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp., v. Twombly*, 550 U.S. 554, 570 (2007)) (holding that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Even if Jackson effectively pled exposure to a substantial risk of serious harm, he has alleged no facts which suggest Defendants are aware of any circumstances

from which they may draw an inference he faces danger from the challenged conditions and have deliberately ignored the risk. *See Farmer,* 511 U.S. at 837.

To the extent Jackson claims overcrowding at Ventress creates a security hazard, this claim, without more, is also insufficient to state a claim of constitutional magnitude. Overcrowding in prisons is not *per se* unconstitutional, *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981), and the occasional or isolated attack by one prisoner on another does not necessarily demonstrate that unconstitutional conditions exist inside the prison. *Morgan*, 400 F.3d at 1320.  And, as explained, regarding the subjective component of an Eighth Amendment claim, Jackson's conclusory allegation that Ventress is overcrowded does not, by itself, show a culpable state of mind by Defendants to disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837. Liability cannot be imposed upon prison officials "solely because of the presence of objectively inhumane prison conditions." *Id.* at 838. Rather, to be liable under the Eighth Amendment, a defendant must know of and disregard an excessive or substantial risk. *Id*.  Here, the allegations in Jackson's amended complaint present no facts sufficient to establish either a substantial risk of serious harm exists or that any defendant is aware of and is deliberately disregarding an excessive risk to his safety. Jackson's Eighth Amendment claim is, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that **on or before October 8, 2019**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal

conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 24th day of September 2019.

    /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE